Isaac O. Hulshart v. Commissioner.
Hulshart v. Commissioner
Docket No. 48253.
United States Tax Court
T.C. Memo 1956-85; 1956 Tax Ct. Memo LEXIS 210; 15 T.C.M. (CCH) 439; T.C.M. (RIA) 56085; April 13, 1956
Arthur Markowitz, Esq., 111 East Market Street, York, Pa., for the petitioner. William G. Handfield, Esq., for the respondent. WITHEY
Supplemental Memorandum Findings of Fact and Opinion WITHEY, Judge: On August 19, 1955, our memorandum findings of fact and opinion was filed in this proceeding. One of the issues involved was whether the period of limitations had expired for the assessment of income tax for 1948 at the time the notice of deficiency was sent to petitioner. We found that the petitioner's return for 1948 was filed on January 17, 1949, and that the notice of deficiency was sent to him on February 24, 1953. We pointed out that the respondent had placed in evidence a copy of the petitioner's return for *211 1948 to which was attached a copy of what purported to be a consent executed by petitioner and the respondent in November 1951, extending to June 30, 1953, the period for assessment of income tax for 1948. Since counsel for the respondent at the hearing neither mentioned, nor offered in evidence, any consent as to 1948, and no contention was made on brief as to the existence of such consent, we stated that the copy of the consent would be disregarded. We further stated that if a recomputation of petitioner's income pursuant to our findings of fact and holdings therein disclosed that petitioner omitted from gross income for 1948 amounts properly includible therein which were in excess of 25 per cent of gross income stated in his return for that year, then the 5-year period provided by section 275(c) of the Internal Revenue Code of 1939, within which assessment of tax for 1948 could be made, was applicable; otherwise the 5-year period was inapplicable and assessment of the tax for that year was barred. On April 3, 1956, the respondent filed a motion to reopen the record in this proceeding for the purpose of formally offering in evidence the copy of the consent referred to above. Counsel *212 for the petitioner noted on the motion that he had no objection thereto. Accompanying the motion was a supplemental stipulation of facts by the parties reciting their agreement to the reopening of the proceeding and the admission as evidence therein of the above-mentioned copy of the consent with the same force and effect as if the original of the consent had been introduced in evidence during the hearing of this proceeding for the specific purpose of tolling the period of limitations for assessment of tax for 1948. On April 9, 1956, the motion of respondent was granted and the supplemental stipulation of facts filed by the parties admitted in evidence in this proceeding. On the basis of the foregoing, we now find as a fact that on November 27, 1951, the petitioner and the respondent, pursuant to the provisions of section 276(b) of the Internal Revenue Code of 1939, consented in writing to an extention to June 30, 1953, of the period within which assessment of petitioner's income tax for 1948 could be made. Accordingly we hold that, irrespective of whether the petitioner omitted from gross income for 1948 amounts properly includible therein which were in excess of 25 per cent of *213 the gross income stated in his return for that year, the period of limitations for assessment of income tax for 1948 had not expired at the time the notice of deficiency was sent to petitioner. Except as herein modified, the memorandum findings of fact and opinion heretofore entered in this proceeding is in all respects confirmed. Decision will be entered in accordance with a proposed agreed computation of tax submitted by the parties and predicated upon our action now being taken herein.